IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**LEON FLETCHER,**

                            **Plaintiff,**

          v.                                    CASE NO. 12-3219-SAC

**DEDRA PLATT,**

                            **Defendant.**


O R D E R

    This matter comes before the court on a pro se complaint seeking relief under 42 U.S.C. § 1983, submitted pro se by a prisoner incarcerated in a Kansas correctional facility. Also before the court is plaintiff' request to proceed without prepayment of the $350.00 district court filing fee, and bare statement of indigency.

    *Motion for In Forma Pauperis, 28 U.S.C. § 1915*

    Since passage of the Prison Litigation Reform Act (PLRA) in 1996, a prisoner seeking to bring a civil action without prepayment of the district court filing fee is required to submit an affidavit that includes a statement of all assets, a statement of the nature of the complaint, and the affiant's belief that he is entitled to redress. 28 U.S.C. § 1915(a)(1). In the District of Kansas, the submission of a court approved form motion is required. D.Kan. Rule 9.1(g). The court finds plaintiff's pro se request for leave to proceed in forma pauperis in this case does not satisfy these requirements.

    As amended by the PLRA, § 1915(a)(2) requires a prisoner to also

submit a certified copy of the inmate's institutional account for the six months immediately preceding the filing of the action, from an appropriate official from each prison in which the prisoner is or was incarcerated.  Plaintiff has not yet submitted this required information.

The court grants plaintiff additional time to satisfy these statutory requirements.  The failure to file a timely response may result in the complaint being dismissed without prejudice, and without further prior notice.

*Screening of the Complaint, 28 U.S.C. § 1915A*

A federal court must conduct an initial screening of any action in which a prisoner seeks relief from a governmental entity or an officer or employee of such an entity.  *See* 28 U.S.C. § 1915A(a).  In conducting the screening, the court must identify any viable claim and must dismiss any part of the action which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b).

A pro se party's complaint must be given a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, a party proceeding pro se has "the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

To state a claim for relief, the complaint must present allegations of fact, assumed to be true, that "raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must present "enough facts to

state a claim to relief that is plausible on its face." *Id*. at 570. At this stage, the court accepts all well-leaded allegations as true and views them in the light most favorable to the plaintiff. *Id*. at 555.

Having considered the complaint, the court finds it is subject to being summarily dismissed because plaintiff's allegations present no cognizable claim of constitutional deprivation entitling him to relief under § 19183.

Plaintiff seeks the return of $12,000 assessed by the Kansas Department of Revenue (KDR) in 2007 regarding plaintiff's arrest for possession of 170 pills of hydrocodone. Plaintiff identifies the sole defendant named in the complaint as a KDR Director of Taxation. Plaintiff provides a November 13, 2007, letter from KDR that responds to plaintiff's inquiry, and states in part that this assessment was paid in full and is closed. Plaintiff appears to argue he is entitled to return of this paid assessment because his criminal case in Wyandotte County Case 07-CR-1135 was dismissed in September 2008 pursuant to plaintiff's plea in another Wyandotte County criminal case. Presumably related to his request for return of the $12,000 assessment, plaintiff also provides a copy of a check from Lenders First Choice for $31,794.41, payable to plaintiff pursuant to an August 2004 power of attorney for another individual.

Construed liberally and taken as true, these allegations and documents provide no discernible factual or legal basis for finding a plausible claim of constitutional deprivation. The relief plaintiff seeks, if any remains available to plaintiff at this time, lies in the state courts as provided by Kansas statutes and law. *See*

K.S.A. 79-5201 *et seq.* (Kansas Drug Tax Act).

The court thus directs plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim for relief under § 1983.  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(ii).  The failure to file a timely response may result in the complaint being dismissed without further prior notice.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to supplement his in forma pauperis motion with a certified copy of his institutional financial records for the six months preceding October 12, 2012, from all facilities in which he was housed during that period, and to show cause why the complaint should not be summarily dismissed as stating no claim for relief under 42 U.S.C. § 1983.

The clerk's office is to provide plaintiff with a court approved form motion for filing under 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

DATED:  This 14th day of November 2012 at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge